PROB 12C
Rev 2/03

# United States District Court

for

## Southern District of Ohio


FILED
JAMES BONINI
CLERK

2004 DEC -7 PM 4:34

SOUTHERN DIST. OHIO
WEST DIV. CINCINNATI

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Clayton O Warner**                                   Case Number: **1:02CR00009**

Name of Sentencing Judicial Officer:   **The Honorable Sandra S. Beckwith**
**Chief United States District Judge**

Date of Original Sentence: **August 27, 2002**

Original Offense: **Possession of Counterfeit Securities of a Political Subdivision, a Class C Felony, in violation of 18 USC 513(a).**

Original Sentence: **16 months Bureau Of Prisons confinement, 3 years supervised release, $500 fine, $100 special assessment.**

Type of Supervision: **Supervised Release**             Date Supervision Commenced: **April 16, 2004**

Assistant U.S. Attorney: **Timothy D. Oakley, esq.**        Defense Attorney: **W. Kelly Johnson, esq.**

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons
[ ]   To grant an exception to revocation without a hearing.

The probation officer finds, under penalty of perjury, that probable cause to believe the defendant has violated one or more conditions of supervision exists:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **Condition #7: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;** |
|   | On April 20, May 7, , June 10, and July 6, 2004, Warner submitted urine specimens, which returned positive for usage of marijuana. The April 20, 2004 specimen was also positive for usage of cocaine. |
|   | It should be noted, 18 U.S.C.§ 3583(g)(4) requires revocation for testing positive more than three times in a 365 day time period. |

| | |
|---|---|
| #2 | **Special Condition # 3–The defendant shall not possess a controlled substance, and must submit to one drug test within 15 days of release, and at least two periodic drug tests thereafter.** |

On May 19, May 20, May 28, June 1, June 7, June 21, July 12, July 19, July 26, August 2, August 9, August 16, August 23, and August 30, 2004, Warner failed to submit urine specimens for drug testing as scheduled and required.

It should be noted, 18 U.S.C. § 3583(g)(3) requires revocation for failure to comply with drug testing requirements.

| | |
|---|---|
| #3 | **Special Condition #5–The defendant shall complete a chemical dependency assessment and comply with any treatment recommended by the probation officer.** |

While in Bureau of Prisons custody, Warner completed the 500 hour residential drug treatment program and six months of outpatient treatment at the Christ Hospital Outpatient Behavioral Services program, which amounted to 15 months worth of inpatient and outpatient treatment. Upon release, Warner immediately started using drugs, and was referred back to the Christ Hospital program for treatment.

On August 25, 2004, Warner was unsuccessfully terminated from the program for non-attendance. He had last attended treatment on July 14, 2004, and had no contact with his counselor or the treatment program until the time of termination.

| | |
|---|---|
| #4 | **Condition #2: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month;** |

Warner failed to report as scheduled and required on August 2, September 1, and September 28, 2004. Warner also has not submitted a monthly report for the months of July, August, September, and October 2004 as of the date of this petition.

It should be noted, this officer sent letters on August 26 and September 14, 2004 to Warner's last recorded residence for the September 1 and September 28, 2004 appointment, respectively without any response from Warner. During this time, four home visits were attempted by this officer without any success.

**U.S. Probation Officer Recommendation:**

Warner has not made himself available for supervision, and was actively using drugs at the time he stopped reporting. He also stopped going to substance abuse treatment, which presents a risk to himself. This officer can not verify where Warner is residing at this time. Warner has an extensive criminal record. Finally, Warner is facing mandatory revocation. Based on all of these factors, this officer is respectfully recommending a warrant be issued for supervised release violation, and the term of supervised release be revoked.

PROB 12C
Rev 2/03

3

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

Respectfully submitted,

by *[signature]*
Robert C. Frommeyer Jr.
U.S. Probation Officer
Date: **November 29, 2004**

Approved,

by *[signature]*
John C. Cole
Supervising U.S. Probation Officer
Date: **Nov. 29, 2004**

---

THE COURT ORDERS:

- [ ] No Action
- [✓] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
- [ ] The Issuance of a Summons
- [ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- [ ] Other

*[signature]*
Signature of Judicial Officer

12/7/04
Date