IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:02-CR-009 |
| ) | |
| vs. ) | |
| ) | |
| Clayton O. Warner, ) | |
| ) | |
| Defendant. ) | |

## ORDER REVOKING SUPERVISED RELEASE INCLUDING SENTENCE UNDER THE SENTENCING REFORM ACT

### PROCEDURAL HISTORY

On August 27, 2002, the Defendant was sentenced to sixteen months of imprisonment, three years of supervised release, a $500 fine, and a $100 special assessment, for possession of counterfeit securities of a political subdivision, in violation of 18 U.S.C. § 51(a). As conditions of supervised release, the Defendant was ordered not to possess or use controlled substances, to participate in substance abuse treatment at the direction of the probation officer, and to submit truthful monthly reports.

### SENTENCE

The Defendant is sentenced as provided in pages 1 through 3 of this Order pursuant to the Sentencing Reform Act of 1984 as follows:

The Defendant is hereby sentenced to imprisonment for a term of **TWENTY-FOUR (24) MONTHS**.

### VIOLATIONS OF SUPERVISED RELEASE

The Defendant failed to report to the probation officer on three occasions and has not submitted a supervision report since July 2004.

The Defendant tested positive for marijuana on April 20, May 7, 2004, and July 6, 2004. The Defendant tested positive for cocaine on April 20, 2004. The Defendant failed to submit urine specimens as required on May 19, 2004, May 20, 2004, May 28, 2004, June 1, 2004, June 7, 2004, June 21, 2004, July 12, 2004, July

19, 2004, July 26, 2004, August 2, 2004, August 9, 2004, August 16, 2004, August 23, 2004, and August 30, 2004.

The Defendant failed to participate in and complete substance abuse counseling as directed by the probation officer.

During the revocation hearing, the Defendant admitted committing each of the above violations.  The Court, therefore, finds the Defendant **GUILTY** of violating the conditions of his supervised release.  The Defendant engaged in conduct that violated the terms of his supervised release, Grade C violations pursuant to U.S.S.G. § 7B1.1(a)(3)(B).  Upon the finding of a Grade C violation, the Court may revoke the Defendant's probation or supervised release.  U.S.S.G. § 7B1.3(a)(2).  Additionally, revocation of supervised release is mandatory because the Defendant failed to comply with the drug testing component of supervised release.  18 U.S.C. § 3583(g)(3).  Accordingly, the Defendant's supervised release is hereby **REVOKED.**

## REASONS FOR SENTENCE

Pursuant to Title 18 U.S.C. § 3553 and by a preponderance of the evidence, the Court makes the following findings significant to the imposition of the sentence:

The Defendant is guilty of Grade C violations and has a criminal history category of IV;

Pursuant to U.S.S.G. § 7B1.4(a), the sentencing range for a criminal history category of IV and a Grade C violation is six (6) to twelve (12) months;

The policy statements addressing the sentence to be imposed upon revocation of supervised release must be considered, but are not binding upon the Court.  <u>United States v. Jackson</u>, 70 F.3d 874, 878 n.3 (6th Cir. 1995);

Because the Defendant was convicted of a Class C felony, the maximum term of imprisonment the Court can impose upon revocation of supervision is twenty-four months.  18 U.S.C. § 3583(e)(3).

The Defendant is hereby notified that he has a right to appeal the sentence, and if he is unable to pay the cost of an appeal, he has the right to apply to the Court for leave to proceed <u>in forma pauperis</u>.  If he is indigent and cannot retain a lawyer, he

may apply, and one will be appointed to represent him in his appeal.

The Defendant is further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, he must file his notice of appeal with the Clerk of the United States District Court within 10 days of the filing of the judgment, which will be filed on September 1, 2005.  Therefore, the Defendant must file his notice of appeal on or before September 12, 2005.

The Defendant is also advised that if he so requests, the Clerk of Court will prepare and file forthwith a notice of appeal on his behalf.

                              <u>    s/Sandra S. Beckwith    </u>
                              Sandra S. Beckwith, Chief Judge
                               United States District Court

                              <u>    September 1, 2005    </u>
                                        Date

R E T U R N

I have executed the Judgment as follows:

_____

_____

_____

_____ Defendant

delivered on _____ to _____

_____ at _____, with a

certified copy of the judgment.

                                                                                      _____
                                                                                      United States Marshal

                                                                                      By_____
                                                                                         Deputy Marshal